# FREDERICK TRUDE, Admr.

### *v.*

## JOHN MEYER.

1. PLEADING AND EVIDENCE—*plaintiff should not recover upon a claim not made by the pleadings, nor insisted on at the trial.* Where the plaintiff declared specially upon a promissory note, and gave no notice, either by bill of particulars or otherwise, of any other note or claim, and the defendant claimed that he had paid the note sued on, partly in money and partly by giving another note for a less amount, and, on the trial, introduced the note for the less amount in evidence, (against plaintiff's objection,) in corroboration of his testimony that he had paid the note sued on, as claimed, and the plaintiff made no claim for the amount of the small note, on the trial, but the whole case turned upon the question of whether the note sued on had been paid, it was *held*, that a verdict for the defendant should not be set aside on the ground that the plaintiff was, in any event, entitled to recover the amount of the smaller note.

2. EVIDENCE—*as affecting the question of payment.* Where a defendant sought to prove payment of the debt sued for by an administrator, to the intestate in his lifetime, it was *held* proper to refuse testimony in behalf of the plaintiff as to how much money the intestate had two weeks before his death, as such proof would have no tendency to show the defendant had not paid him money.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. MILLER, WILLIAMSON & MILLER, and Mr. F. SACKETT, for the appellant.

Messrs. BRANDT & HOFFMAN, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was assumpsit, in the Superior Court of Cook county, by Frederick Trude, administrator on the estate of John Trude, deceased, plaintiff, and against John Meyer, defendant, counting on an instrument in writing as a promissory note for six hundred dollars, alleged to have been made and delivered by the defendant to the intestate, in his lifetime. The plea was *non assumpsit*, and a trial by a jury, resulting in a verdict for the defendant, on which judgment was rendered, to reverse which the plaintiff appeals.

It appears, the intestate and the defendant were Germans, intimately acquainted. To sustain the issue, the plaintiff introduced in evidence a paper in the German language, which, being translated, reads as follows:

"$600            DUNTON, *the 4th November*, 1872.

I acknowledge that I, from Johann Trude, six hundred dollars received have, at ten per cent interest the year.

                     JOHANN MEYER."

This instrument is not described in the declaration as being in the German language, but is counted on as a promissory note in our language. Considering the writing, as held by the court below, a promissory note, the defense was, it had been paid,

and, as evidence thereof, it was found in the possession of the defendant, and he testified he had paid it the day before the death of the payee, Trude, in money, except one hundred and sixty dollars, for which he had given a like note in writing, which was found in the pocket book of the deceased after his death, and which was also in the possession of the defendant, it having been delivered to him by the sister of deceased, an aged woman, to whom the defendant, as he claimed, paid the amount.

On the question of payment of this six hundred dollar note, or receipt, or whatever it may be denominated, there was much testimony heard, plaintiff's theory being that it had been furtively taken out of the possession of the payee when he was very sick, and unable to attend to business. The jury, on the whole evidence, found this note had been paid.

It is now claimed by appellant that he should have had a verdict for one hundred and sixty dollars, the amount of the last receipt. We do not think this claim can be sustained. The plaintiff, in his pleading, gave no notice of any such claim; he declared for none such; he gave no notice, by a bill of particulars or in any other form, of such a claim. It was in evidence, against the objection of appellant, interposed by appellee to sustain his case, he claiming he had paid all of the six hundred dollar note except one hundred and sixty dollars, and then, in corroboration, produced this note. On the trial, it does not appear plaintiff made any claim to recover this one hundred and sixty dollars. The only question litigated was, whether or not this six hundred dollar receipt or note had been paid.

We can not disturb the finding of the jury on the question so fully submitted to them under the evidence, and by the instructions, with which we find no fault.

It is complained by appellant, that the court would not allow him to prove, by one Brossing, how much money the deceased had two weeks before his death. This was wholly unimportant, and such testimony was properly refused as having no tendency to prove appellee had not paid him money.

On the whole record, we find no error sufficient to reverse the judgment, and it must be affirmed.

*Judgment affirmed.*